HECHT, Justice
(concurring specially).
I concur in the determination that Christopher Roby’s prison sentence must be vacated. I write separately, however, to express my view that article I, section 17 of the Iowa Constitution prohibits a mandatory term of incarceration for any offense committed by a juvenile offender.
In State v. Lyle, 854 N.W.2d 378 (Iowa 2014), we concluded “a mandatory minimum sentencing schema ... violates article I, section 17 of the Iowa Constitution when applied in cases involving conduct committed by youthful offenders.” 854 N.W.2d at 402. We reasoned that a statute that “sends all juvenile offenders to prison for a minimum period of time under all circumstances simply cannot satisfy the standards of decency .and fairness embedded in [our constitution].” Id. at 403. Our decision in Lyle left room, however, for the possibility that “[s]ome juveniles will deserve mandatory minimum imprisonment, but others may not,” id., and left this differentiation to the district court with due consideration of the Miller factors focusing upon “youth and its attendant circumstances as a mitigating factor.” Id. at 402 n.8, 404 (citing Miller v. Alabama, 567 U.S. 460, 132 S.Ct. 2455, 183 L.Ed.2d 407 (2012)). We noted the “keystone of our reasoning is that youth and its attendant circumstances and attributes make a broad statutory declaration denying courts this very discretion categorically repugnant to article I, section 17 of our constitution.” Id. at 402-03.
In my subsequent concurring opinion in State v. Seats, 865 N.W.2d 545 (Iowa 2015), I expressed “my lack of confidence in [this court’s] ability to conceive—or in sentencing courts’ ability to apply consistently—a principled standard for identifying the uncommon or rare circumstances” justifying a denial of an opportunity for parole for juvenile offenders sentenced to life in prison. 865 N.W.2d at 560 (Hecht, J., concurring). In that opinion, I explained why several of the Miller factors are not helpful in assessing the relative capacities of juvenile offenders for maturation and rehabilitation, and I concluded article .1, section 17 mandates prohibition of life-without-parole sentences for all juveniles convicted of homicide offenses. Id. at 561-62, 563.
The infirmities of the Miller factors led me to' reject them in Seats as a framework for identifying the rare juvenile offenders convicted of homicide who lack the capacity to mature and be rehabilitated. I now conclude the infirmities are no less profound when applied by judges sentencing juvenile offenders convicted of lesser offenses, Like the Supreme Judicial Court of Massachusetts, I believe the “back end” parole-board mechanism better accommodates juveniles’ capacity for change than a “front end” irrevocable determination of eligibility for parole. See Diatchenko v. Dist. Att’y, 466 Mass. 655, 1 N.E.3d 270, 282-85 (2013). The compelling reasons counseling against mandatory statutory deprivations of juvenile offenders’ opportunities for parole should lead us to conclude there is no constitutionally sound basis for empowering judges to make calls on eligibility of juvenile offenders for parole based on unsound predictive criteria.
Consistent with this conclusion, I concur with the majority’s conclusion that the sentence rendering, Roby ineligible for parole for a term of seventeen and one-half, years violated article I, section 17 of the Iowa Constitution.